IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY C. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:04cv671-C |
| | ) | (WO) |
| BILL FRANKLIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER ON MOTION**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Larry C. Johnson ("Johnson"), claims that his constitutional rights were violated during his incarceration in the Elmore County Jail.  He names Bill Frankin ("Franklin"), the sheriff of Elmore County, and Gary Bowers ("Bowers"), the jail administrator, as defendants in their individual capacities.  Specifically, Johnson asserts that Bowers violated the Eighth Amendment's prohibition against cruel and unusual punishment by allowing him to remain shackled to a toilet grate in an isolation cell for four days.  He further claims that Franklin violated the Eighth Amendment by developing and promulgating a policy of allowing the shackling of inmates as punishment for disciplinary violations.  In addition, Johnson asserts that the defendants deprived him of his Fourteenth Amendment right to procedural due process.

On May 6, 2005, the defendants filed a motion for summary judgment, asserting that they are entitled to qualified immunity and that the plaintiff has failed to establish that they

personally participated in the alleged incident or that they violated his right to procedural due process.  (Doc. # 22.)  Johnson has filed a response to the defendants' motion.  (Doc. # 32.)

This case is now pending before the court on the defendants' motion for summary judgment (doc. # 22) and Johnson's response in opposition to the motion (doc. # 32).  The court has jurisdiction pursuant to 28 U.S.C. § 1331.  The parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1.  The court has reviewed the defendants' motion and supporting brief and Johnson's response and concludes that the motion for summary judgment with respect to Johnson's claim that Franklin violated his procedural due process rights is due to be granted and that the motion for summary judgment with respect to the remaining claims is due to be denied.

## II. STANDARD OF REVIEW

To survive the defendants' properly supported motion for summary judgment, the plaintiff is required to produce some evidence supporting his constitutional claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  He must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324.  A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment.  *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  Consequently, when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, summary

judgment is due to be granted in favor of the moving party.  *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607 (11th Cir. 1987).  Where all the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).  Although factual inferences must be viewed in a light most favorable to the non-moving party, and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact.  *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

## III.  FACTS[1]

Johnson was convicted of state misdemeanor charges on September 3, 2003, and incarcerated in the Elmore County Jail on February 2, 2004.  (Defs' Exhs. 2 & 6.)  Around March 14, 2004, a jailer ordered Johnson to clean his jail cell.  (Pl's Dep. at 90.) Johnson told the jailer that he was under no duty to clean his cell because he was not a "pod trustee."  (*Id.*)  The jailer informed Johnson that he was being sent to lockdown for disobeying an order.  (*Id.*, at 104.)  Two jailers escorted Johnson to an isolation cell which, while air-conditioned, had no cot, mat, blanket, commode, wash basin, or personal hygiene items.  (*Id.*, at 97-99; Pl's Comp. at 4-5.)  The isolation cell was located next to Bowers' office.  (Pl's Dep. at 97.)

Shortly after the jailers left him alone in the cell, Johnson began knocking on the cell

---

[1] The court construes the facts in the light most favorable to the plaintiff and draws all reasonable inferences in the plaintiff's favor for the purpose of the motion for summary judgment.  *See*, *e.g.*, *Brown v. Crawford*, 906 F.2d 667 (11th Cir. 1990).

door.  (*Id.*, at 110.)  A couple of jailers in the booking area told Johnson to stop beating on

the door.  (*Id.,* at 112.)  Johnson asked them to tell the first jailer who put him in the cell to

return and explain the reason for his placement in the cell.  (*Id.*)  A few minutes later, two

jailers returned to Johnson's cell with chains and shackles.  (*Id.*, at 113.)  A jailer handcuffed

Johnson's hands to a belly chain, shackled his legs, and attached the chain running from his

belly to his ankles to a device called a "chinese toilet," which is a hole in the floor covered

by a grate.[2]  (Doc. # 1 at 4; Pl's Dep. at 116.)   Throughout his four days of confinement in

the cell, Johnson was not allowed to shower or go to the bathroom, resulting in him urinating

on himself.  (Pl's Dep. at 119, 137; Pl's Comp. at 4.)  The shackles also prevented Johnson

from reaching the food and water brought in by a trustee.  (Pl's Dep. at 125-26, 128, 137.)

Johnson was unable to sit comfortably, lie down at length, stand, or sleep.  (Pl's Comp. at 4;

Pl's Dep. at 122, 132.)  Johnson "holler[ed] and raise[d] Cain" in an effort to gain the jailers'

attention.  (Pl's Dep. at 123.)

On the third day of his confinement in the cell, Johnson became emotional and began

"raving and carrying on."  (R. 119, 132.)  Bowers and two jailers opened the cell door,

walked into the cell, and began threatening and cursing at Johnson.  (*Id.*, at 120-21, 132, 134-

35.)  When Johnson asked the jailers to remove his shackles, Bowers stated, "As long as

you're acting like that, you know, we're not going to do nothing for you."  (*Id.*, at 135.)  The

jailers and Bowers then left the cell and slammed the door closed.  (*Id.*, at 138.)  Johnson was

---

[2] A "chinese toilet" is a means of disposal of human waste.  The evidentiary materials indicate that chinese toilets at the Elmore County Jail could only be flushed from outside a cell.  (Franklin's Dep. at 39.)

unshackled and moved to a cell in D-pod the next afternoon.  (*Id*., at 141.)  He was released from the Elmore County Jail on June 9, 2004, and filed this lawsuit on July 9, 2004.

## IV.  DISCUSSION

### A.  The Eighth Amendment Claims

Johnson asserts that the defendants violated the Eighth Amendment by shackling him to the Chinese toilet grate in the cell for four days.  He also asserts that Franklin violated his constitutional rights by developing and promulgating a policy of allowing the shackling of inmates as punishment for disciplinary violations.

#### 1.  The Shackling Incident

Johnson asserts that Bowers violated his constitutional rights by allowing him to remain shackled to a chinese toilet in the isolation cell for an extended duration and subjecting him to unconstitutional conditions of confinement.

A jail official may be held liable under the Eighth Amendment for acting with "deliberate indifference" to an inmate's health or safety when the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.  *Farmer v. Brennan*, 511 U.S. 825 (1994).  The Eighth Amendment proscribes those conditions of confinement which involve the wanton and unnecessary infliction of pain.  *Rhodes v. Chapman*, 452 U.S. 337 (1981).  Only actions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to violate the Eighth Amendment.  *Rhodes*, 452 U.S. at 347.

Conditions of confinement may also constitute cruel and unusual punishment when

5

the conditions involve or result in "wanton and unnecessary infliction of pain, [or] . . . [are] grossly disproportionate to the severity of the crime warranting imprisonment." *Id.,* 452 U.S. at 347 (1981). To determine whether conditions of confinement constitute cruel and unusual punishment, the court must look to the effect the condition has upon the inmate. *Id.* at 366.

In addition, where the conduct by jail officials occurs in restoring official control, "any security measure undertaken to resolve the disturbance gives rise to an Eighth Amendment claim . . . if the measure taken 'inflicted unnecessary and wanton pain and suffering' caused by force used 'maliciously and sadistically for the very purpose of causing harm.'" *Williams v. Burton*, 943 F.2d 1572, 1575 (11th Cir. 1991) (quoting *Whitley v. Albers*, 475 U.S. 312 (1986)).

Johnson alleges that Bowers allowed him to remained shackled in the cell without the ability to use the restroom, shower, sit comfortably, sleep, eat, or change his urine-soaked clothing for four days. He also alleges that, with the exception of "holler[ing] and rais[ing] Cain" in an effort to gain the jailers' attention, he did not cause a disturbance or otherwise behave in an inappropriate manner. (Pl's Dep. at 123.) Bowers denies that the incident occurred. Because there are disputed issues of fact concerning whether Bowers allowed Johnson to remain shackled to a chinese toilet in the isolation cell for four days and otherwise subjected him to unconstitutional conditions of confinement, the court concludes that the defendants' motion for summary judgment is due to be denied with respect to Johnson's

Eighth Amendment claims concerning his confinement in the isolation cell against Bowers.[3]

## 2.  The Restraint Policy

Johnson alleges that Franklin promulgated a policy of requiring the restraint of inmates to chinese toilets as punishment for disciplinary violations, such as refusing to obey an officer's order to clean his cell.  The use of restraints for the purpose of preventing an inmate from creating a disturbance or harming himself or others does not amount to an "'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Williams v. Burton*, 943 F.2d 1572, 1575 (11th Cir. 1991) (quoting *Whitley v. Albers*, 475 U.S. at 320-21).  However, a policy of restraining inmates for an extended period of time solely for punitive purposes is not justified.  *See Williams*, *supra*.  The court must give "great deference to the actions of [jail] officials in applying prophylactic or preventative measures intended to reduce the incidence of riots and other breaches of . . . discipline." *Williams*, 943 F.2d at 1576.

The court is unable to discern the specific policy regarding the restraint of inmates as punishment at the Elmore County Jail.  During his deposition, Franklin gave conflicting statements regarding the use of restraints.  First, he acknowledged that the prison handbook provides that restraints are permitted during the transport of inmates or when an inmate is uncontrollably violent to himself, others, or property.  (Attach. to Doc. # 32, Pl's Ex. # 12

---

[3] In his factual summary, Johnson alleges that he was denied medical care for the treatment of glaucoma during his incarceration in the Elmore County Jail.  (Doc. # 1 at 6.)  Johnson, however, did not list this issue as a claim against the defendants in his complaint.  Consequently, any claim that the defendants acted with deliberate indifference to Johnson's health by failing to provide him adequate medical treatment is not before this court.

at pp. 40-41.)  The written policy specifically provides:

> When any type of system of restraint is used for any purpose other than security during transportation, the shift supervisor must approve such use, unless there is an immediate and urgent need to restrain a person who is uncontrollably violent to himself, others, or property.  In this case the officer in charge of the situation may decide when to apply restraints, but must report this to his shift supervisor as soon as the situation has been stabilized.

(Attach. to Doc. # 24, Def's Ex. # 19 at p. 6.)  However, Franklin also stated that he deemed the shackling of an inmate to be appropriate when an inmate had "a particular problem that became repetitious in nature and knew that he was violating a problem or if there was a major infraction involved." (Attach. to Doc. # 32, Pl's Ex. # 12 at p. 37.)  In addition, Franklin stated that he "delegate[s] his authority in the jail to [the] jail administrator to make sure that . . . everybody is treated in a constitutional manner" and that "if [the] jail administrator or . . . shift supervisor would deem that somebody needed to be handcuffed, *disciplined*, shackled, whatever, [he would] leave that up to their authority."  (*Id.*, at 41.) (Emphasis added.)  The court is unable to determine whether Franklin's policy is to restrain inmates only when an inmate is being transported or is a danger to property, himself, or others or whether Franklin also has a policy of permitting the restraint of inmates as a form of punishment.  Given Franklin's conflicting statements, the court cannot determine at this stage of the proceedings the specific policy promulgated by Franklin regarding the use of restraints as punishment at the Elmore County Jail.  Consequently, Franklin's motion for summary judgment with respect to Johnson's claim that Franklin promulgated a policy of restraining inmates in isolation cells as punishment for committing disciplinary violations is due to be

8

denied.

### 3. Qualified Immunity

The defendants asserts that they are entitled to qualified immunity with respect to Johnson's Eighth Amendment claims.  When evaluating a claim of qualified immunity, the court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation.  *Saucier v. Katz*, 533 U.S. 194, 197 (11th Cir. 2001).

As previously discussed, it is clear that Johnson has sufficiently alleged the deprivation of a constitutional right.  Next, the court must determine whether the defendants' actions violated clearly established law.  "[T]he relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  *Saucier*, 533 U.S. at 202.  Johnson asserts that Bowers allowed him to remain shackled to a chinese toilet in soiled clothing without the ability to sit comfortably, sleep, eat, drink, or move about his cell.  In addition, Johnson points to evidence indicating that Franklin promulgated a policy of restraining inmates in isolation cells for an extended duration as punishment for violating jail rules.  In light of the facts as set forth by Johnson, this court concludes that Johnson's Eighth Amendment claims fall within the narrow category of cases in which the unlawfulness of the conduct would be readily apparent.  *See Smith v. Mattox*, 127 F.3d 1416, 1420 (11th Cir.

1997).[4]  Therefore, qualified immunity does not bar the plaintiff's Eighth Amendment claims against Franklin and Bowers at this time.  Thus, the motion for summary judgment with respect to the Eighth Amendment claims against the defendants in their individual capacities is due to be denied.  Of course, the defendants' qualified immunity defense remains in the case.  *See Cottrell v. Caldwell*, 85 F.3d 1480 (11th Cir. 1996).

### B.  Procedural Due Process

Johnson does not list as an enumerated claim or brief the issue concerning procedural due process in his response.  (Doc. # 32.)  He alleges no facts and makes no argument in response to the defendant's motion for summary judgment on the procedural due process claim.  He does not address the defendant's argument that his claim is unsupported by the evidence.

The burden is on the parties to formulate arguments, and a plaintiff's failure to list an enumerated claim and brief an issue in a memorandum of law in opposition to a defendant's motion for summary judgment is deemed an abandonment of that claim.  *See Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274 (11th Cir. 2003); *Thomas v. Alabama Council on Human Relations, Inc.*, 248 F.Supp.2d 1105, 1107 n.1 (M.D. Ala. 2003).  *Cf. Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994).  Accordingly, the court concludes that Johnson has abandoned his procedural due

---

[4]The plaintiff's version of the facts also tends to suggest that he was left chained to the Chinese toilet grate long after he ceased to present any threat to anyone or continued to create a disturbance.  Under these circumstances, the conduct of the defendants would not be protected by qualified immunity.  *See Hope v. Pelzer*, 536 U.S. 730 (2002).

process claim and the defendants' motion for summary judgment on this claim is due to be granted.

## IV.  CONCLUSION

Accordingly, it is ORDERED as follows:

(1) The motion for summary judgment with respect to the plaintiff's procedural due process claim be and is hereby GRANTED.

(2) The motion for summary judgment with respect to the plaintiff's Eighth Amendment claims against Franklin and Bowers in their individual capacities be and is hereby DENIED.

Done this 8th day of August, 2005.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

11